# ATTACHMENT E



VIA ELECTRONIC MAIL

January 8, 2015

Direct Line: (503) 415-6090
Facsimile: (503) 548-5741
Email: David.Ashton@portofportland.com

Eric Albert, Esq.
Eric.Albert@usdoj.gov
Environmental Enforcement Section
Environment and Natural Resources Divisions
United States Department of Justice
P.O. Box 7611
Washington D.C. 20044-7611

**Re:**  *United States v. Linnton Plywood Association, D.J.*
Reference No. 90-11-2-06787/3; Docket Number: 2014-27074

Dear Eric:

The Port of Portland, Union Pacific Railroad Company, TOC Holdings, Inc., NW Natural, Gunderson LLC, ConocoPhillips Co., City of Portland, Chevron U.S.A. Inc., and Arkema Inc. submit these comments on the United States' proposed settlement with Linnton Plywood Association lodged November 7, 2014 in the United States District Court for the District of Oregon, Case No 3:14-1772. These comments are submitted without prejudice to the submitting parties' right to submit additional comments on the adequacy of the proposed consent decree by the deadline, either individually or with others.

The Port of Portland, Union Pacific Railroad Company, TOC Holdings, Inc., NW Natural, Gunderson LLC, ConocoPhillips Co., City of Portland, Chevron U.S.A. Inc., and Arkema Inc. are parties that entered into an Administrative Settlement Agreement and Order on Consent For Remedial Investigation/Feasibility Study at Portland Harbor (U.S. EPA Docket Number CERCLA-10-2001-0240) with Region 10 of the United States Environmental Protection Agency and a Consent Judgment with the State of Oregon through the Department of Environmental Quality, resolving their liability to EPA and the State in return for agreeing to perform the remedial investigation and feasibility study of the in-water sediments and surface water of the Portland Harbor Superfund Site.

7200 NE Airport Way  Portland OR  97218
Box 3529  Portland OR  97208
503 415 6000

Eric Albert, Esq.
January 8, 2015
Page 2

These comments are submitted in order to assure internal consistency within and across the proposed Consent Decree and the attached proposed Trust Agreement.

### Accuracy of Citations to Oregon Law Governing Non-Profit Corporations

Proposed Consent Decree ("CD") p. 4, ¶ 2's reference to ORS 65.637 should be modified to, at a minimum, ORS 62.708 or, better yet, ORS Chapter 62.

CD p. 16, ¶ 9.g's reference to ORS 65.637 should be modified to, at a minimum, ORS 62.708 or, better yet, ORS Chapter 62.

### Consistency With Language of CD Recitation E. That Settlement Covers Policies "issued to, or for the benefit of Settling Defendant which may provide coverage"

CD p. 6, ¶ 3.m's definition of "Insurance Policies" as "all insurance policies issued to Settling Defendant" should be modified by the following **bolded** language to "all insurance policies **under which** Settling **Defendant is insured**" and the immediately ensuing "including, but not limited to" list should end with "**and policies otherwise for the benefit of Settling Defendant.**"

Proposed Trust Agreement ("TA") p.3, ¶ 1.g's definition of "Insurance Policies" should be modified in the same way.

### Reference to Commencement Date for Releases

CD p. 10, ¶ 5: Consistent with Linnton Plywood Association's incorporation in 1951, the *two* references in this paragraph to "in connection with the release or threatened releases of hazardous substances at the Site beginning in 1954 and continuing thereafter during Defendant's ownership and operations at the Property" should be changed by the following **bolded** language to: ""in connection with the release or threatened releases of hazardous substances at the Site**, including those** beginning in ~~1954~~ **1951** and continuing thereafter during Defendant's ownership and operations at the Property."

### Consistency with Intent of Settlement that the Trust, if needed, can prosecute claims in LPA's name

CD p. 14, ¶ 9, should be modified by the following **bolded** language to state:

"(2) **Except as provided in this Consent Decree and the Trust Agreement,** Settling Defendant shall be estopped from claiming or receiving defense or indemnity coverage …; and (3) **Except as provided in this Consent Decree and the Trust Agreement,** Settling Defendant shall have no rights to make additional Environmental Claims … ."

and, following that, still in ¶ 9:

Eric Albert, Esq.
January 8, 2015
Page 3

"**Except as provided in this Consent Decree and the Trust Agreement,** Settling Defendant further covenants not to assert or claim insurance coverage … ."

The same modifications should be made to the Trust Agreement:

TA, pp. 7 ¶II.5.d lines 20-23:

"(2) **Except as provided in the Consent Decree and this Trust Agreement,** Settling Grantor is estopped from claiming or receiving defense or indemnity coverage …; and (3) **Except as provided in the Consent Decree and this Trust Agreement,** Settling Grantor shall have no rights to make additional Environmental Claims … ."

and, following that, still in ¶II.5 at p. 8. lines 1-4:

"**Except as provided in the Consent Decree and this Trust Agreement,** Settling Grantor further covenants not to assert or claim insurance coverage … ."

CD p. 15 ¶ 9.c. Conform the cooperation language to the intended scope of the settlement by modifying the provision by the addition of the following **bolded** language:

"Cooperate with Trustee's efforts to pursue **any and all** claims and/or causes of action under **or related to** the Insurance Policies and to avoid any interference**, whether by affirmative act or failure to act**, with Trustee's recovery efforts or management of the Trust and Trust Fund."

Make the same changes in the Trust Agreement, p. 9, paragraph 5.e.iii.

CD p.16, ¶ 9(g)'s intent should be clarified by substituting for the current language:

"The provisions of this Paragraph 9 shall survive in the event of the complete liquidation of the Settling Defendant to the maximum extent permitted by O.R.S. § 65.637(2)(d) and (e)."

the following **bolded** language:

"**In the event of the dissolution or complete liquidation of the Settling Defendant, the provisions of this Paragraph 9 shall survive, and the Trustee may assert claims or causes of action contemplated by this Paragraph 9 as if Settling Defendant had not dissolved or completely liquidated.**"

**Not a De Minimis Settlement**

To conform the Trust Agreement to the intent of the Consent Decree, TA, p. 1, third "Whereas" clause:  the language "pursuant to Section 122(g)(7) of CERCLA" should be modified to read "**pursuant to CERCLA**."

Eric Albert, Esq.
January 8, 2015
Page 4

**Matching Language Regarding Sequence of Entry of Consent Decree Followed By Assignment**

CD, p. 19, ¶16 line 22: "which rights are assigned" should be modified to "which rights **will be** assigned … ."

**Trustee**

TA, p. 4, ¶ I.1. identify "**Daniel J. Silver**" as the Trustee.

**Clarity on Trust Intent**

TA p. 6 ¶ 5.b: modify the last three words of this first sentence from "… and proceeds therefrom" to "… **,** and **any** proceeds therefrom."

**Defined Term**

TA p. 7, ¶ c, line 11: The phrase "environmental claims" should be modified to the defined term "**Environmental Claims**."

Thank you for considering these comments.

Sincerely,

David Ashton
Assistant General Counsel
Port of Portland

cc:   Steve Parkinson
      Max Miller
      Nicholas van Aelstyn
      Jerry George
      Nanci Klinger
      Patricia Dost
      Tod Gold