## LIMITATION TO OFFICE EQUIPMENT ENDORSEMENT

In consideration of the premium for this policy, it is agreed that the Insuring Agreements are amended to read as follows:

To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of office equipment within the premises, and for damage to the premises and the exterior thereof, and to the insured property therein by such burglary, robbery of a watchman, or attempt thereat, provided with respect to damage to the premises and the exterior thereof, the insured is the owner of the premises or is liable for such damage. The term "office equipment" means office machines, supplies, furniture, fittings, fixtures and books, but shall not include stock in trade, personal effects and postage or revenue stamps or any substitutes therefor.

The coinsurance requirement shall not apply.

All terms and conditions of the policy, issued by either SAFECO Insurance Company of America, General Insurance Company of America, or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

_____ SECRETARY                                          _____ PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | COVER AGE | CLASS OP CODE | UNEARNED SR/PR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | | | | $ | $ | $ | $ | |
| POLICY NUMBER | REGION OFFICE | | | | | | | | |
| POLICY EXP. DATE | MPP ACCT. NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| RESIDENT LICENSED AGENT | | | | | TOTALS GROSS | | | | |


This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**BLANKET LIABILITY INSURANCE**
COVERAGES A, B, C, D AND L

## AMENDATORY ENDORSEMENT

The policy is amended by deleting therefrom Exclusion (h), relating to an assumption of liability by the insured for the professional services of an architect, engineer or surveyor.

All terms and conditions of the policy, issued by either SAFECO Insurance Company of America, General Insurance Company of America, or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

Hammersla  SECRETARY                                        John H. Sweeny  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED

| INSURED | | | COVER AGE | CLASS OR CODE | UNEARNED SERR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour or day stated in the policy) | | | | $ | $ | $ | $ | |
| POLICY NUMBER | BRANCH OFFICE | | | | | | | | | |
| POLICY EXP DATE | MFR ACCT NUMBER | | | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | | | |
| | | | | | | TOTALS GROSS | | | | |

RESIDENT LICENSED AGENT

C-1477 10/69

GENERAL INSURANCE COMPANY OF AMERICA



---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### BLANKET LIABILITY INSURANCE — COVERAGES A & B

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

### COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE

---

## ADDITIONAL INSURED
### (Vendors – Broad Form)

It is agreed that the "Persons Insured" provision is amended to include any person or organization (herein referred to as "vendor"), as an insured, but only with respect to the distribution or sale in the regular course of the vendor's business of the named insured's products subject to the following additional provisions:

1. The insurance with respect to the vendor does not apply to:

   (a) any express warranty unauthorized by the named insured;

   (b) bodily injury or property damage arising out of

       (i) any physical or chemical change in the form of the product made intentionally by the vendor,

       (ii) repacking, unless unpacked solely for the purpose of inspection, demonstration, testing or the substitution of parts under instruction from the manufacturer and then repacked in the original container,

       (iii) demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product, or

       (iv) products which after distribution or sale by the named insured have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor.

2. The insurance does not apply to any person or organization, as insured, from whom the named insured has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

All terms and conditions of the policy issued by General Insurance Company of America remain unchanged except as amended by this endorsement.

_____ SECRETARY

_____ PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED: | | | COVER AGE | CLASS OR CODE | UNEARNED SR/PR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | (name, location of area named in the policy) | | | | | $ | $ | $ | $ |
| POLICY NUMBER | BRANCH OFFICE | | | | | | | | |
| POLICY EXP DATE | WPR ACCT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | | |
| | | | | | TOTALS GROSS | | | | |

RESIDENT LICENSED AGENT

C-2113 10/66

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**BLANKET LIABILITY INSURANCE**
**GROWERS' & RANCHERS' LIABILITY INSURANCE**

## LOGGING PROPERTY DAMAGE ENDORSEMENT B.

It is agreed that with respect to logging or mill operations of the **insured**, or operations incidental thereto, that:

### FIRE FIGHTING EXPENSE

1. the company will pay any fire fighting expense incurred by others for which the **insured** is legally liable solely by reason of such expense having been incurred as a direct consequence of fire resulting from and immediately attributable to an **occurrence** directly connected with logging operations of the **insured**, provided that the limits of liability or any deductible applicable to **property damage** (other than **automobile**) applies to this coverage, but this provision shall not operate to increase the limit of the company's liability;

### VEHICLES — TIMBER

2. exclusions (d) (3) and (d) (4) of the policy are deleted as respects coverage for:
   (a) trucks, **trailers**, or railroad cars while being loaded or unloaded, and
   (b) timber lands, standing timber and felled or bucked timber,

### EXCLUSIONS

3. such insurance as is afforded by this endorsement does not apply to:
   (a) property in the possession of the **insured** for sale, storage, processing, safekeeping or repair;
   (b) any person other than the **named insured** or his employees, while vehicles used in logging operations are being loaded or unloaded;
   (c) timber while being felled or bucked, logs while being yarded or transported to loading point, or being loaded;

### DEDUCTIBLE

4. $250.00 shall be deducted from the total amount of all sums for which the **insured** shall be held liable for **property damage** (other than **automobile**) on account of each **occurrence** causing injury or damage to any vehicle (including its **trailer**) used in logging operations and arising out of the loading and unloading of such vehicles by or on behalf of the **insured**, provided that:
   (a) the company shall be liable only for the difference between such deductible amount and the limit of the company's liability for each **occurrence**;
   (b) the company may pay any part or all of the deductible amount to effect settlement of any claim or **suit**, and upon notification of the action taken, the **named insured** shall promptly reimburse the company for such part of the deductible amount as has been paid by the company;
   (c) the terms of the policy apply irrespective of the application of the deductible amount;

### WARRANTIES

5. the **insured** warrants that:
   (a) slash shall be burned only at such times and under such conditions as the proper state or federal officials may approve, direct or provide;
   (b) all felling and bucking of timber, the operation of logging equipment (other than operations of the equipment while being used in road building operations or the operation of trucks or logging railroads) and the loading and unloading of logs shall be completely suspended at all times when such suspensions are directed by the proper state or federal officials.

6. A breach of the above warranties shall render the insurance afforded hereunder null and void for the period of the breach, unless such breach is beyond the control of the **insured**.

This endorsement is executed by the company stated in the declarations.

W. D. HAMMERSLA, SECRETARY

GORDON H. SWEANY, PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED

| INSURED | | | | COVER AGE | CLASS OR CODE | UNEARNED OR PRO FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW FULL TERM PREMIUM | ADDITIONAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy) | | | | | $ | $ | $ | $ |
| POLICY OR BOND NUMBER | | SERVICE OFFICE | | | | | | | | |
| POLICY EXP. DATE | | MPS ACCT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | |

S - SAFECO INSURANCE COMPANY OF AMERICA
G - GENERAL INSURANCE COMPANY OF AMERICA
F - FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or Bond is issued by the company designated by initial)

TOTALS OF OLD

RESIDENT LICENSED AGENT

PRINTED IN U.S.A.

This agreement modifies such insurance as is afforded by the
provisions of the policy relating to Automobile Insurance.

SAFECO Insurance Company of America — As Insurer

It is agreed that SAFECO Insurance Company of America shall replace General Insurance Company of America as the insurer
for all insurance provided in this policy for the automobile hazard.

SAFECO Insurance Company of America                                    General Insurance Company of America

GORDON H. SWEANY  PRESIDENT                                            GORDON H. SWEANY  PRESIDENT

W. D. HAMMERSLA  SECRETARY                                             W. D. HAMMERSLA  SECRETARY

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | | STATE CODE | CLASS OF RISK | GROUP OR FACTOR | RATE / TERM ADVANCE | ADVANCE PREMIUM | NEW / RENEWAL / LONG TERM PREMIUM | ADVANCE PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | (at the hour of day stated in the policy) | | | | | $ | $ | $ | $ |
| POLICY OR BOND NUMBER | SERVICE OFFICE | | | | | | | | |
| POLICY EXP. DATE | UNDERWRITER | | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | | |

TOTALS GROSS

SAFECO — As Insurer

This endorsement is applicable to all insurance afforded by the policy:

PRIOR NOTICE TO OTHERS OF CANCELLATION

It is agreed that in the event of cancellation, or reduction in the limits of liability of this insurance, ___**10**___ days

prior written notice shall be given to ___ **STATE OF WASHINGTON**
**DEPT. OF NATURAL RESOURCES**
**P.O. BOX 168**
**OLYMPIA, WASHINGTON   98501**

This endorsement is executed by the company stated in the declarations.

W. D. HAMMERSLA, SECRETARY

GORDON H. SWEANY, PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED.

| INSURED | | | COVER AGE | CLASS OR CODE | UNEARNED SR/PR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour or day stated in the policy) | | | | $ | $ | | $ | $ | |
| POLICY OR BOND NUMBER | | SERVICE OFFICE | | | | | | | | | |
| POLICY EFF DATE | | MRP ACCT NUMBER | | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | | |

S = SAFECO INSURANCE COMPANY OF AMERICA
G = GENERAL INSURANCE COMPANY OF AMERICA
F = FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or Bond is issued by the company designated by initial)

TOTALS GROSS

RESIDENT LICENSED AGENT

C-1024 R2 1/72

This endorsement is applicable to all insurance afforded by the policy:

## PRIOR NOTICE TO OTHERS OF CANCELLATION

It is agreed that in the event of cancellation, or reduction in the limits of liability of this insurance, _____ **10** _____ days

prior written notice shall be given to _____ **WEYERHAEUSER COMPANY**

**BOX C    TACOMA, WASHINGTON**

This endorsement is executed by the company stated in the declarations.

W D HAMMERSLA SECRETARY

GORDON H SWEANY PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED.

| INSURED | | | COVER AGE | CLASS OR CODE | UNEARNED OR PRE FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy.) | | | | $ | $ | $ | $ | |
| POLICY OR BOND NUMBER | | SERVICE OFFICE | | | | | | | | |
| POLICY EXP DATE | | MFR ACCT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | |

S = SAFECO INSURANCE COMPANY OF AMERICA
G = GENERAL INSURANCE COMPANY OF AMERICA
F = FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or Bond is issued by the company designated by initial)

TOTALS GROSS

RESIDENT LICENSED AGENT

PRINTED IN U.S.A.

This endorsement is applicable to all insurance afforded by the policy:

## PRIOR NOTICE TO OTHERS OF CANCELLATION

It is agreed that in the event of cancellation, or reduction in the limits of liability of this insurance, **10** _____ days

prior written notice shall be given to _____ **WEYERHAEUSER COMPANY**
**P.O. BOX 1139**
**LONGVIEW, WASHINGTON**

$ ₵₺

This endorsement is executed by the company stated in the declarations.

*W.D. Hammersla*
W.D. HAMMERSLA, SECRETARY

*Gordon H. Sweany*
GORDON H. SWEANY, PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | | | COVER. AGE | CLASS OR CODE | UNEARNED SR/PR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy) | | | | | $ | $ | | $ | $ | |
| POLICY OR BOND NUMBER | | SERVICE OFFICE | | | | | | | | | | |
| POLICY EXP. DATE | | MPP ACCT. NUMBER | | | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | | | |

S = SAFECO INSURANCE COMPANY OF AMERICA
G = GENERAL INSURANCE COMPANY OF AMERICA
F = FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or bond is issued by the company designated by initial)

TOTALS GROSS

_____
RESIDENT LICENSED AGENT

PRINTED IN U.S.A.

This endorsement is applicable to all insurance afforded by the policy:

## PRIOR NOTICE TO OTHERS OF CANCELLATION

It is agreed that in the event of cancellation, or reduction in the limits of liability of this insurance, _____ **10** _____ days

prior written notice shall be given to _____ **THE BURLINGTON NORTHERN, INC. AND/OR**
**SUBSIDIARY OR ASSOCIATED COMPANIES OR**
**CORPORATIONS FOR ACCOUNT OF WHOM IT**
**MAY CONCERN**
**1101 N.W. HOYT STREET**
**PORTLAND, OREGON**

This endorsement is executed by the company stated in the declarations.

W. D. HAMMERSLY   SECRETARY

GORDON H. SWEANY   PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | | COVER AGE | CLASS OR CODE | UNEARNED S.R./PR. FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy) | | | | $ | $ | $ | $ |
| POLICY OR BOND NUMBER | SERVICE OFFICE | | | | | | | | |
| POLICY EXP. DATE | MPP ACCT. NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | | |

S = SAFECO INSURANCE COMPANY OF AMERICA
G = GENERAL INSURANCE COMPANY OF AMERICA
F = FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or Bond is issued by the company designated by initial)

TOTALS GROSS

RESIDENT LICENSED AGENT

PRINTED IN U.S.A.

This endorsement is applicable to all insurance afforded by the policy:

## PRIOR NOTICE TO OTHERS OF CANCELLATION

It is agreed that in the event of cancellation, or reduction in the limits of liability of this insurance, ____10____ days

prior written notice shall be given to ____ **ROBERTS CONSOLIDATED INDUSTRIES, INC.**
**2501 WEST 26TH STREET**
**P.O. BOX 98**
**VANCOUVER, WASHINGTON   98660**

This endorsement is executed by the company stated in the declarations.

W. D. HAMMERSLA  SECRETARY

GORDON H. SWEANY  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED.

| INSURED: | | | COVER AGE | CLASS OR CODE | UNEARNED SR/PR FACTOR | OLD (FULL TERM) PREMIUM | RETURN PREMIUM | NEW (FULL TERM) PREMIUM | ADDITIONAL PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy) | | | | $ | $ | $ | $ | |
| POLICY OR BOND NUMBER | | SERVICE OFFICE | | | | | | | | |
| POLICY EXP. DATE | | MP ACCT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | |

S = SAFECO INSURANCE COMPANY OF AMERICA
G = GENERAL INSURANCE COMPANY OF AMERICA
F = FIRST NATIONAL INSURANCE COMPANY OF AMERICA
(Policy or Bond is issued by the company designated by initial)

TOTALS GROSS

RESIDENT LICENSED AGENT

PRINTED IN U.S.A.

POLICY:                        CP160977
EFFECTIVE:                     4/23/67-4/23/70

LIABILITY FORM:                C-10 1/67
CONDITIONS FORM:               CF-640 10/66
OTHER FORM:                    CF-646 10/66
POLLUTION EXCLUSION:           NONE

**PREPARED FOR**

INDEX OF COVERAGES*

| | Section | Schedule | | Section | Schedule |
|---|---|---|---|---|---|
| PROPERTY | | | INLAND MARINE | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | GLASS COVERAGE | | |
| LIABILITY | | | OTHER INSURANCE | | |
| | | | | | |
| | | | | | |
| MEDICAL PAYMENTS | | | | | |
| | | | | | |
| | | | | | |
| AUTOMOBILE PHYSICAL DAMAGE | | | | | |
| CRIME | | | | | |
| | | | | | |
| | | | | | |

SAFECO INSURANCE / GENERAL INSURANCE COMPANY OF AMERICA
Home Office/ Seattle, Washington

*This index is not intended to be a part of the policy and therefore does not modify the contents thereof.

your independent Insurance Agent

GF-540 10/66 (SMP)

GENERAL INSURANCE COMPANY OF AMERICA
*(A stock insurance company, herein called the company)*



## COMMERCIAL POLICY
### CONDITIONS APPLICABLE TO ALL SECTIONS

AGREES with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and subject to the limits of liability, amounts of insurance, exclusions, conditions and other terms of this policy to insure the insured in accordance with the provisions of the schedule or schedules attached hereto and made a part hereof.

**A. Premium:** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured.

The named insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**B. Liberalization Clause:** If during the period that insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this company there be adopted, or filed with and approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to this policy by which this form of insurance could be extended or broadened without increased premium charge by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the insured hereunder as though such endorsement or substitution of form had been made.

**C. Inspection and Audit:** The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such such property or operations are safe.

The company may examine and audit the named insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**D. Cancellation:** This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**E. Deferred Premium Payment Plan:** If the insured elects to pay the premium in equal annual payments as indicated on the first page of this policy the premium for this policy is hereby made so payable. Default in making any payment shall be construed as a request of the insured to cancel this policy, in which case this company shall, upon demand and surrender of this policy, or after ten days written notice to the insured, comply with the said request.

If this policy is canceled, either at the request of the insured or at the election of this company, this company shall refund to the insured only the excess of paid premium over earned premium. In the event the earned premium exceeds the paid premium the insured shall pay this company the difference.

**F. Subrogation:** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**G. Impairment of Recovery:** Except as noted below, this company shall not be bound to pay any loss if the insured shall have impaired any right of recovery for loss to the property insured; however it is agreed that:

1. As respects property while on the premises of the insured, permission is given the insured to release others in writing from liability for loss prior to loss, and such release shall not affect the right of the insured to recover hereunder, and

2. As respects property in transit, the insured may, without prejudice to this insurance, accept such bills of lading, receipts or contracts of transportation as are ordinarily issued by carriers containing a limitation as to the value of such goods or merchandise.

**H. Conformity With Statute:** The terms of this policy and forms attached hereto which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.

**I. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**J. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, such insurance as is afforded by this policy shall apply (1) to the named insured's legal representative, as the named insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the named insured, to the person having proper temporary custody thereof, as insured, but only until the appointment and qualification of the legal representative.

**K. Modification of Terms:** Any provisions contained in this policy or supplements, schedules and endorsements attached thereto which are in conflict with conditions A thru J above are hereby waived.

**L. Extension:** If coverage provided by this policy replaces a similar coverage of a policy expiring on the effective date of this policy, then coverage hereunder shall be extended to the expiration time of the policy so replaced.

IN WITNESS WHEREOF, General Insurance Company of America has caused this policy to be signed by its president and secretary at Seattle, Washington, and countersigned on the declarations page by a duly authorized representative of the company.

*[signature]* SECRETARY                     *[signature]* PRESIDENT

# BLANKET LIABILITY INSURANCE
(COVERAGE SUPPLEMENT)

I. COVERAGE A — BODILY INJURY — except Automobile

COVERAGE B — PROPERTY DAMAGE — except Automobile

COVERAGE C — BODILY INJURY — Automobile

COVERAGE D — PROPERTY DAMAGE — Automobile

COVERAGE L — PERSONAL LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

## Exclusions

This insurance does not apply:

(a) to bodily injury or property damage included within the war hazard with respect to liability assumed by the insured under any contract or agreement or expenses for first aid under the Supplementary Payments provision;

(b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; but this exclusion does not apply to (1) any domestic employee, or (2) liability assumed by the insured under any contract;

(d) to property damage: (1) to property owned or transported by the insured; (2) to property occupied by or rented to the insured, except damage to a rented residence or private garage caused by a private passenger automobile; (3) to property under bailment to the insured (except injury to or destruction of such property arising out of the use of elevators or escalators or to liability assumed under sidetrack agreements); (4) to that particular part of any property (a) upon which operations are being performed by or on behalf of the insured, or (b) out of which such injury or destruction arises; (5) to premises alienated by the named insured arising out of such premises or any part thereof; (6) to the named insured's products arising out of such products or any part of such products; (7) to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

But parts (2) and (3) of this exclusion do not apply under Coverage L to property damage included within the fire hazard;

(e) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(f) to damages, because of property damage, due:

(1) to the cost of repairing or replacing any defective goods or products manufactured, sold, handled or distributed by the named insured or defective work completed by or for the named insured;

(2) to the loss of use of any such defective goods or products or completed work, or to damages resulting from the loss of use of such defective goods or products or completed work;

(g) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property

of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(h) to contractual liability assumed by the insured, if the insured or his indemnitee is an architect, engineer or surveyor, for bodily injury or property damage arising out of professional services performed by such insured or indemnitee, including

(1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

(2) supervisory, inspection or engineering services.

(i) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any aircraft owned or operated by or rented or loaned to the named insured, or (2) any other aircraft operated by any person in the course of his employment by the named insured;

But this exclusion does not apply under Coverage L to bodily injury to any domestic employee arising out of and in the course of his employment by any insured except while such employee is engaged in the operation or maintenance of aircraft;

(j) under Coverage L, to any liability or injury arising out of or in connection with any business, or the rendering or omission of any professional services, or the automobile hazard.

## II. COVERAGE E — PREMISES MEDICAL PAYMENTS

The company will pay to or for each person who sustains bodily injury caused by accident all reasonable medical expense incurred within one year from the date of the accident on account of such bodily injury, provided such bodily injury arises out of (a) a condition in the insured premises or (b) operations with respect to which the named insured is afforded coverage for bodily injury liability under this policy.

## Exclusions

This insurance does not apply

(a) to bodily injury

(1) arising out of the ownership, maintenance, operation, use, loading or unloading of

(i) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or

(ii) any other automobile or aircraft operated by any person in the course of his employment by the named insured;

but this exclusion does not apply to the parking of an automobile on the insured premises, if such automobile is not owned by or rented or loaned to the named insured;

(2) arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft, if the bodily injury occurs away from the insured premises; or

(3) arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the named insured;

(b) to bodily injury

(1) included within the completed operations hazard or the products hazard;

(2) arising out of operations performed for the named insured by independent contractors other than (i) maintenance and repair of the insured premises or (ii) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) resulting from the selling, serving or giving of any alcoholic beverage (i) in violation of any statute, ordinance or regulation, (ii) to a minor, (iii) to a person under the influence of alcohol or (iv) which causes or contributes to the intoxication of any person; but this exclusion (b) (3) applies only if the named insured is a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or is an owner or lessor of premises used for such purposes;

(4) included within the war hazard;

(continued on reverse side)

(c) to bodily injury

(1) to the named insured, any partner therein, any tenant or other person regularly residing on the insured premises or any employee of any of the foregoing if the bodily injury arises out of and in the course of his employment therewith;

(2) to any other tenant if the bodily injury occurs on that part of the insured premises rented from the named insured or to any employee of such a tenant if the bodily injury occurs on the tenant's part of the insured premises and arises out of and in the course of his employment for the tenant;

(3) to any person while engaged in maintenance and repair of the insured premises or alteration, demolition or new construction at such premises;

(4) to any person if any benefits for such bodily injury are payable or required to be provided under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(5) to any person practicing, instructing or participating in any physical training, sport, athletic activity or contest;

(d) to any medical expense for services by the named insured, any employee thereof or any person or organization under contract to the named insured to provide such services.

## III. COVERAGE M – PERSONAL MEDICAL PAYMENTS

The company will pay to or for each person who sustains bodily injury caused by accident all reasonable medical expense incurred within one year from the date of the accident on account of such bodily injury, provided such bodily injury (a) is sustained while on the insured premises or (b) is sustained elsewhere and (1) arises out of a condition in the insured premises or the ways immediately adjoining on land, or (2) is caused by any insured, by any domestic employee in the course of his employment by an insured, or by any animal owned by or in the care of any insured or (3) is sustained by any domestic employee and arises out of and in the course of his employment by any insured.

### Exclusions

This coverage does not apply:

(a) to bodily injury arising out of any act or omission in connection with premises (other than the insured premises) owned, rented or controlled by any insured, but this exclusion does not apply to bodily injury sustained by any domestic employee arising out of and in the course of his employment by any insured;

(b) to bodily injury arising out of (1) business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits or (2) the rendering of or failing to render professional services;

(c) to bodily injury included within (1) the aircraft or automobile hazard or (2) the war hazard;

(d) to bodily injury to any person, including a domestic employee, if any person or organization has a policy providing workmen's compensation or occupational disease benefits for such bodily injury or if benefits for such bodily injury are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law;

(e) to bodily injury to (1) any insured under parts (1) and 4(a) of "Persons Insured", (2) any person, other than a domestic employee, regularly residing on any part of the insured premises or (3) any person while on the insured premises because business pursuits are conducted or professional services are rendered on the insured premises.

## IV. COVERAGE N – PHYSICAL DAMAGE TO PROPERTY

The company will at its option either (a) pay for the actual cash value of property physically injured or destroyed during the policy period by any insured, or (b) repair or replace such property with other property of like quality and kind, but the limit of the company's liability under Coverage N for "each occurrence" shall not exceed $250.00.

### Exclusions

This coverage does not apply to injury or destruction:

(a) of property owned by or rented to any insured, any tenant of any insured or any resident of the named insured's household;

(b) caused intentionally by any insured over twelve years old;

(c) arising out of (1) any act or omission in connection with premises (other than the insured premises) owned, rented or controlled by any insured, (2) business pursuits or professional services or (3) the ownership, maintenance, operation, use, loading or unloading of any land motor vehicle, trailer or semi-trailer, farm machinery or equipment, aircraft or watercraft.

## V. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

1. the named insured and, if an individual, the spouse of such named insured if a resident of the same household;

2. for Coverages A and B

(a) if the named insured is designated in the declarations as

(1) a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(2) other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(b) any person (other than an employee of the named insured) or organization while acting as real estate manager for the named insured; and

(c) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

(1) an employee of the named insured while operating any such equipment in the course of his employment, and

(2) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an insured under this paragraph (c) with respect to:

(i) bodily injury to any fellow employee of such person injured in the course of his employment, or

(ii) property damage to property owned by, rented to, in charge of or occupied by the named insured or the employer of any person described in subparagraph (2).

This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

3. for Coverages C and D

(a) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured;

(b) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is: (1) a lessee or borrower of the automobile, or (2) an employee of the named insured or of such lessee or borrower;

(c) any other person or organization but only with respect to his or its liability because of acts or omissions of the named insured or an insured under (a) or (b) above.

None of the following is an insured:

(1) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;

(2) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile, or the owner of a non-owned automobile, or the owner of an automobile leased under contract for one year or more to the named insured,

(continued on following page)

(3) on executive officer with  .pect to an automobile owned by him or by a member of his household;

(4) any person while employed in or otherwise engaged in duties in connection with an automobile business, other than an automobile business operated by the named insured.

This insurance does not apply to bodily injury or property damage arising out of (1) a non-owned automobile used in the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured, or (2) if the named insured is a partnership, an automobile owned by or registered in the name of a partner thereof, unless such partner is named as an individual named insured.

4. for Coverages L, M and N

(a) if residents of the named insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured;

(b) under Coverages L and M, with respect to animals and watercraft owned by any insured, any person or organization legally responsible therefor, except a person using or having custody or possession of any such animal or watercraft without the permission of the owner;

(c) under Coverages L and M, with respect to farm tractors and trailers and self-propelled or motor or animal drawn farm implements, any employee of any insured while engaged in the employment of the insured.

## VI. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, or (2) automobiles to which this policy applies, the comoany's liability is limited as follows:

### Coverages A, B, C and D —

A. Divided Limits Plan

(1) The limit of bodily injury liability expressed in the additional declarations as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but the total liability of the company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence". The total liability of the company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limit of bodily injury liability stated in the declarations as "aggregate".

(2) The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence". The total liability of the company for all damages because of all property damage to which this coverage applies shall not exceed the limit of property damage liability stated in the declarations as "aggregate".

Such aggregate limit shall apply separately with respect to each project away from premises owned by or rented to the named insured.

Aggregate limits of liability as stated in this policy shall apply separately to each annual policy period.

B. Combined Limits Plan

The limit of l i a b i l i t y under the Combined Limits Plan expressed in the additional declarations as applicable to "each occurrence" is the total limit of the company's liability under the bodily injury liability and property damage liability coverages combined for all damages as the result of any one occurrence provided:

(a) with respect to all damages included within the (1) completed operations hazard and the (2) products hazard, such limit of liability shall be the total limit of the company's liability during each annual policy period as the result of one or more than one occurrence;

---

(other than ... mobile, the completed operation hazard, or the products hazard) such limit of liability shall be the total limit of the company's liability during each annual policy period as the result of one or more than one occurrence, but said limit of liability shall apply separately to each project with respect to operations being performed away from premises owned by or rented to the insured;

(c) with respect to any coverage for which the notice of this policy is given in lieu of security, or when this policy is certified as proof of financial responsibility under the provisions of the motor vehicle financial responsibility law of any state or province, such limit of liability shall be applied in accordance with the applicable terms of such law, except that the total limit of liability shall not be reduced.

For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

### Coverage E —

The limit of liability for Premises Medical Payments Coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all medical expense for bodily injury to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the company under Premises Medical Payments Coverage for all medical expense for bodily injury to two or more persons as the result of any one accident shall not exceed the limit of liability stated in the declarations as applicable to "each accident".

### Coverage L —

The limits of liability afforded for Coverages A and B shall apply to Coverage L, provided the limits of liability so afforded shall not be less than: $25,000 per person and $25,000 each occurrence for bodily injury; $25,000 each occurrence for property damage liability; or if combined limits, $25,000 each occurrence.

### Coverage M —

The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability under Coverage M for all medical expense for bodily injury to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the company under Coverage M for all medical expense for bodily injury to two or more persons as the result of any one accident shall not exceed the limit of liability stated in the declarations as applicable to "each accident".

### Coverage E and M —

When more than one medical payments coverage afforded by this policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

## VII. POLICY PERIOD

This insurance applies only to bodily injury or property damage which occurs: (1) for Coverages A, B, C and D, during the policy period within the policy territory; (2) for Coverages L and M, during the policy period; (3) for Coverage E, during the policy period within the United States of America, its territories or possessions, or Canada.

## VIII. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"aircraft or automobile hazard" includes bodily injury and property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft, automobile or midget automobile; but this hazard does not include (1) bodily injury to any domestic employee arising out of and in the course of his employment by any insured except while such employee is engaged in the operation or maintenance of aircraft or (2) except with respect to aircraft, bodily injury or property damage occurring on the insured premises or the ways immediately adjoining on land or (3) under Coverage L, bodily injury or property damage arising out of the operations of independent contractors involving on

(continued on reverse side)

automobile or midget automobile not owned or hired by the insured or used in connection with his business pursuits or in the rendering of professional services or (4) bodily injury or property damage arising out of the use of a land public conveyance by the insured as a passenger;

"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

"business" means any professional, commercial occupation or industrial enterprise, except (1) activities which are ordinarily incident to non-business pursuits; (2) activities of an incidental business nature (not the regular business or occupation of an insured) while conducted on the insured premises or on vacant land owned or rented to an insured; (3) one, two, three or four family dwellings (including outbuildings), farms and farm land when such are rented or held for rental to others by an insured; (4) acts or activities of the named insured or spouse incident to his or her employment by another, except (a) while operating commercial or industrial machinery or equipment; or (b) while engaged in rendering professional services (other than teaching); or (c) while holding an elective or appointive office of a municipal, county, state or federal government;

"contractual liability" means liability expressly assumed under a contract or agreement; provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.

"domestic employee" means an employee of an insured performing duties not in connection with the business of the insured;

"fire hazard" includes property damage to any premises not owned by an insured and to house furnishings therein if such property damage arises out of (1) fire, (2) explosion, or (3) smoke or smudge caused by sudden, unusual and faulty operation of any heating or cooking unit;

"hired automobile" means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by, leased under contract for one year or more, or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;

"insured premises"

(a) for Coverage E, means all premises (except such premises as defined under paragraph (b) of this definition) owned by or rented to the named insured with respect to which the named insured is afforded coverage for bodily injury liability under this policy, and includes the ways immediately adjoining on land;

(b) for Coverages L, M and N, means (1) all premises where the named insured or his spouse maintains a residence and private approaches thereto and other premises and private approaches thereto for use in connection with said residence, except ... farms maintained or used for conducting business pursuits and farms, (2) individual or family cemetery plots or burial vaults, (3) premises in which an insured is temporarily residing, if not owned by an insured, and (4) vacant land, other than farm land, owned by or rented to an insured;

"medical expense" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

"midget automobile" means a land motor vehicle of the type commonly referred to as a "midget automobile", "kart", "go-kart", "speed-mobile" or by a comparable name, whether commercially built or otherwise;

"non-owned automobile" means an automobile which is neither an owned automobile nor a hired automobile;

"owned automobile" means an automobile owned by or leased under contract for one year or more to the named insured;

"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;

"trailer" includes semitrailer but does not include mobile equipment;

"war hazard" includes all bodily injury and property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing.

## IX. ADDITIONAL CONDITIONS

### A. Medical Reports; Proof and Payment of Claim

As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services and the payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

### B. Insured's Duties When Loss Occurs — Coverage N.

When loss occurs, the insured shall give written notice as soon as practicable to the company or any of its authorized agents, file sworn proof of loss with the company within ninety-one days after the occurrence of loss, exhibit the damaged property, if within his control, and cooperate with the company in all matters pertaining to the loss or claims with respect thereto.

### C. Excess Insurance — Coverage L.

With respect to loss arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or midget automobile at the insured premises or (2) watercraft, or any land public conveyance, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.

### D. Excess Insurance — Hired and Non-Owned Automobiles

With respect to a hired automobile or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.

GENERAL INSURANCE COMPANY OF AMERICA



## CONDITIONS APPLICABLE ONLY TO SECTION II

### SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

*il bond
verage
& limited
automobile*

(c) expenses incurred by the insured for first aid to others at the time of an occurrence for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the insured at the company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

### DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"automobile" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"automobile hazard" includes bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile owned or operated by or rented or loaned to the named insured, or

(2) any other automobile operated by any person in the course of his employment by the named insured;

but this definition does not apply to the policy of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to the named insured.

"bailment" means a delivery of property by any person to the insured for some purpose beneficial to either the insured or such person or both under a contract, express or implied, for the insured to carry out such purpose and to redeliver such property or otherwise dispose of it as provided.

"bodily injury" means bodily injury, sickness or disease sustained by any person;

"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

"damages" includes damages for death and for care and loss of services resulting from bodily injury and damages for loss of use of property resulting from property damage;

"elevator" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet, or hydraulic or mechanical hoists used for dumping materials from trucks;

"incidental contract" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for

(continued on reverse side)

NDITIONS APPLICABLE ONLY TO SECTION ..

use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills, concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"named insured" means the person or organization named in Item 1. of the Declarations of this policy;

"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"occurrence" means an event, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"personal hazard" means any domestic or non-business activities of the insured.

"policy territory" means anywhere in the world; provided, however, that: (1) resulting claims are asserted within the United States of America, its possessions, or Canada, and (2) it shall apply to suits and judgments for damages resulting therefrom only if suit is commenced in a court in the United States of America, its possessions or in Canada;

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means injury to or destruction of tangible property;

"suit" includes an arbitration proceeding to which the insured is required to submit or to which the insured has submitted with the company's consent.

Financial Responsibility Laws

Such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of any motor vehicle financial responsibility law to the extent of the coverage and limits of liability required by such law but in no event in excess of the limits of liability stated in this policy.

Insured's Duties in the Event of Occurrence, Claim or Suit

In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. ?

The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury or property damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of an occurrence.

Action Against Company

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

Other Insurance

If, applicable to the loss, there is any valid and collectible insurance, whether on a primary, excess or contingent basis, available to the insured (in this or any other carrier), there shall be no insurance afforded hereunder as respects such loss; except, that if the applicable limit of liability of this policy is in excess of the applicable limit of liability provided by the other insurance, this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.

"Limited Excess" other insurance clause

Three Year Policy

If this policy is issued for a period of three years, the limits of the company's liability shall apply separately to each consecutive annual period thereof.

Arbitration

The company shall be entitled to exercise all of the insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

Policy Term

In the event the policy is written without any insurance afforded under Section I — "Property" of the policy, the inception and expiration time shall be 12:01 A.M. Standard Time at the address of the insured as stated in the Declarations, otherwise such time shall be Noon Standard Time.

CF 646   10/66   Pg

POLICY:                        BLP232479
EFFECTIVE:                     4/23/66-4/23/67

LIABILITY FORM:                C-10 1/65
CONDITIONS FORM:               INCLUDED IN C-10
OTHER FORM:                    NONE
POLLUTION EXCLUSION:           NONE

BLP

 GENERAL INSURANCE COMPANY OF AMERICA

Home Office: 4347 Brooklyn Ave, N.E., Seattle, Washington 98105 (A Stock Insurance Company)

*Declarations*

**Blanket Liability Policy**

Item 1. Named Insured and Address (Number, Street, Town, County, State, Zone or Zip Code)

MPP ACCOUNT NO.

Insured is ☐ Individual ☐ Partnership ☐ Corporation ☐ _____ (other)

Business of the named insured is

Item 2. Policy From: _____  To: _____  } 12:01 A.M., Standard Time, at the address of the insured as stated herein.
Period

Item 3. Limits of Liability. No insurance is afforded under any insuring agreement unless specific limits of liability as to such insuring agreement are set forth below: The limit of the company's liability on account of each such coverage shall be as stated herein, subject to all of the terms of the policy or supplement attached having reference thereto.

| Insuring Agreements | | Limits of Liability |
|---|---|---|
| I. Bodily Injury and Property Damage Liability | | |
| A. Divided Limits Plan | | |
| (1) Bodily Injury Liability | each person | $ _____ . |
| | each occurrence | $ _____ . |
| | aggregate products | $ _____ . |
| (2) Property Damage Liability | each occurrence | $ _____ . |
| | aggregate (other than Automobile or Products) | $ _____ . |
| | aggregate products | $ _____ . |
| B. Combined Limits Plan | each occurrence | $ _____ . |

II. Loss of Money and Securities and Other Property

II (a) Loss Within Premises ................................................................... $ _____ .
II (b) Loss Outside Premises ................................................................. $ _____ .
II (c) Safe Burglary ............................................................................. $ _____ .
II (d) Merchandise Burglary ........................................... ____ % $ _____ ;

(Co-insurance Per cent)     (Co-insurance Limit)

II (e) Loss Through Dishonesty of Employees — ☐ Option A — ☐ Option B...... $ _____ .
II (f) Money Orders and Counterfeit Paper Currency ............................... $ _____ .
II (g) Depositors Forgery ....................................................................... $ _____ .
II (h) Burglary (not exceeding $50.00) .................................................. $ _____ .

*Initial deposit premium $ _____

*The initial deposit premium, subject to audit, is for the  ☐ full term of the policy
☐ first year deposit premium only

Authorized Representative

C-10 R15 1/65  (Change in DEC page only from the C-10 R15 3/64) DECLARATIONS

GENERAL INSURANCE COMPANY OF AMERICA

HOME OFFICE: 4347 BROOKLYN AVE. N.E. SEATTLE 5, WASHINGTON

(A stock insurance company herein called the company)

...AGREES with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

I. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:
To pay, subject to provisions of the Limits Plan for which limits of liability are shown on the declarations, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of an occurrence which causes bodily injury, sickness or disease, including death at any time resulting therefrom, (herein called "bodily injury") sustained or alleged to have been sustained by any person or persons, or injury to or destruction of property, (herein called "property damage"); further, to defend any suit against the insured in which such damages are sought, reserving to the company the right to investigate, negotiate and settle any claim or suit as it desires.
Supplementary Payments:
With respect to the insurance afforded under this Insuring Agreement, to pay in addition to the limit of liability:
1. all expenses incurred by the company; all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or de-

posited in court that part of the judgment which does not exceed the limit of the company's liability thereon;
2. premiums;
(a) on appeal bonds required in any such suit,
(b) on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy,
(c) not to exceed $250 on each bail bond,
but without any obligation to apply for or furnish any such bonds;
3. expenses incurred by the insured for first aid to others who sustain bodily injury in an occurrence to which this policy applies;
4. all reasonable expenses, other than loss of earnings, incurred by the insured at the company's request.

II. LOSS OF MONEY AND SECURITIES AND OTHER PROPERTY:
To pay for any loss sustained by the insured, subject to the provisions of the Supplement entitled "Special Burglary and Robbery" or "Comprehensive Dishonesty, Disappearance and Destruction," whichever is attached hereto.

## EXCLUSIONS

This policy does not apply:
(a) (1) to damages because of bodily injury sustained by an employee (except domestic) of the insured arising out of and in the course of his employment, except liability assumed under written contract other than an agreement between the insured and any employee or his representative; or (2) to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(b) to the ownership, maintenance, operation, use, loading or unloading of aircraft, except with respect to operations performed by independent contractors;
(c) to property damage:
(1) to property owned, transported by, occupied by or rented to the insured, except damage to a rented residence or private garage caused by a four wheel private passenger, station wagon or jeep type automobile;
(2) to property under bailment to the insured (except injury to or destruction of such property arising out of the use of elevators or escalators or to liability assumed under side-track agreements);
(3) to that particular part of any property (a) upon which operations are being performed by or on behalf of the insured, or (b) out of which such injury or destruction arises;
(4) to any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured, or

work completed by or for the named insured, out of which the occurrence arises;
(d) to damages, because of property damage, due:
(1) to the cost of repairing or replacing any defective goods or products manufactured, sold, handled or distributed by the named insured or defective work completed by or for the named insured;
(2) to the loss of use of any such defective goods or products or completed work, or to damages resulting from the loss of use of such defective goods or products or completed work;
(3) to any loss or damage which is caused by improper or inadequate performance, design or specification, or nonsuitability for its intended purpose, of such goods or products or completed work unless there is actual physical damage to other tangible property, other than physical damage caused or necessitated by the repair or replacement of such goods or products or completed work;
(4) to loss or damage to intangible property, including property rights, unless it results from actual physical damage to tangible property with respect to which insurance is afforded under this policy;
(e) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or any act or condition incident to any of the foregoing, with respect to (1) liability assumed by the insured under any contract or agreement or (2) expenses under any Supplementary Payments provision;
(f) to bodily injury or property damage caused intentionally by or at the direction of the insured.

## CONDITIONS

1. Limits of Liability.
(a) Divided Limits Plan.
(1) The limit of bodily injury liability expressed in the declarations as applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury of one person in any one occurrence; the limit of such liability expressed in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all damages arising out of bodily injury of two or more persons in any one occurrence.
(2) The limit of liability expressed in the declarations as "aggregate products" is the total limit of the company's liability during

any one policy year for all damages caused by the handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the insured. All such damages arising out of one lot of goods or products prepared or acquired by the insured or by another trading under his name shall be considered as arising out of one occurrence.

(3) The limit of property damage liability expressed in the declarations as applicable to "each occurrence" is the limit of the company's liability for all damages arising out of property damage resulting from one occurrence whether the property of one or more than one claimant.
(4) The limit of property damage liability expressed in the declarations as "aggregate (other than automobile or products)" is the total limit of the company's liability during any one policy year for all damages arising out of property damage caused as aforesaid whether as the result of one or more than one occurrence. Subject to the limit of liability with respect to "each occurrence" the limit of liability, if any, stated in the declarations as "aggregate" (other than automobile or products) is the total limit for said coverage, but said aggregate limit shall apply separately to each project with respect to operations being performed away from premises owned by or rented to the insured. Aggregate limits of liability as stated in this policy shall apply separately to each annual policy period.
(b) Combined Limits Plan.
The limit of liability under the Combined Limits Plan expressed in the declarations as applicable to "each occurrence" is the total limit of the company's liability under the Bodily Injury Liability and Property Damage Liability coverages combined for all damages as the result of any one occurrence provided:
(1) with respect to all damages caused by the handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the insured, such limit c-

liability shall be the total limit of the company's liability during each annual policy period;

(2) with respect to all damages arising out of property damage, such limit of liability shall be the total limit of the company's liability during each annual policy period as the result of one or more than one occurrence, but said limit of liability shall apply separately to each project with respect to operations being performed away from premises owned by or rented to the insured; (3) with respect to any occurrence for which the notice of this policy is given in lieu of security, or when this policy is certified as proof of financial responsibility under the provisions of the motor vehicle financial responsibility law of any state or province, such limit of liability shall be applied in accordance with the applicable terms of such law, except that the total limit of liability shall not be reduced.

2. **Policy Period, Territory.** This policy applies to occurrences arising anywhere during the policy period; provided, however, that: (1) resulting claims are asserted within the United States of America, its possessions, or Canada, and (2) it shall apply to suits and judgments for damages resulting therefrom only if suit is commenced in a court in the United States of America, its possessions or in Canada.

3. **Premium.** The premium stated in the declarations is estimated only. Upon the anniversary, termination or cancellation date of this policy, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums. If the earned premium exceeds the estimated advance premium paid, the named insured shall pay the excess; if less, the company shall return the unearned portion paid by such insured. The company may examine and audit the insured's books and records at any time until one year after the final termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance.

4. **Severability of Interests.** The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

5. **Notice of Claim, Occurrence or Suit.** In the event of an occurrence for which coverage is herein provided, written notice containing all particulars shall be given by or for the insured to the company as soon as practicable. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

6. **Assistance and Cooperation of the Insured.** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others who sustain bodily injury in an occurrence.

7. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial by a court or by written agreement of the insured, the claimant and the company. Any person or organization who has legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendent in any action against the insured to determine the insured's liability.

8. **Bankruptcy or Insolvency of the Insured.** Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

9. **Subrogation.** In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

10. **Cancellation.** This policy may be canceled by the named insured by surrendering the policy to the company or to any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective

date and hour of cancellation shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable thereafter, but payment or tender of unearned premium is not a condition of cancellation.

11. **Assignment.** No assignment of interest under this policy shall bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy unless canceled shall, if written notice be given to the company within thirty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) subject otherwise to the provisions of the definition of "insured" any person having proper temporary custody of any automobile, as an insured, until the appointment and qualification of such legal representative, but in no event for a period of more than thirty days after the date of such death or adjudication.

12. **Change.** No notice to any agent or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy nor estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed except by endorsement issued to form a part hereof, signed by the president and secretary of the company and counter-signed by a duly authorized representative of the company.

13. **Other Insurance.** If at the time of an occurrence there is any valid and collectible insurance, whether on a primary, excess or contingent basis, available to the insured (in this or any other carrier), there shall be no insurance afforded hereunder as respects such occurrence; except, that if the applicable limit of liability of this policy is in excess of the applicable limit of liability provided by the other insurance, this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. Further, with respect to loss arising out of the operation, maintenance or use of any non-owned automobile or hired automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.

14. **Financial Responsibility Laws.** Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of automobiles during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy when the policy is written under the Divided Limits Plan.

15. **Liberalization Clause.** If while this policy is in force, or within 45 days prior to the inception date thereof, there be adopted and published for use by this company any forms, endorsements or rules by which this insurance could be extended or broadened without additional premium charge, then, as to loss occurring during the policy period and after the effective date of such adoption and publication, such extended or broadened insurance shall inure to the benefit of the insured hereunder as though such endorsement or substitution of form had been made.

16. **Nuclear Exclusion:** This policy does not apply:
    1. to bodily injury or property damage:
       (a) with respect to which any insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limits of liability, or
       (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

C-10   R15   3/64

2. Under any Medical Payments Cover    under any Supplementary Payments provision relating to first o , to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

tg bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to property damage of such nuclear facility.

4. As used in this policy,

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or by-product material;

"source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material; the term "property damage" includes all forms of radioactive contamination of property.

17. Definitions.

(a) "Automobile" means a land motor vehicle, trailer or semitrailer as follows:

(1) Owned Automobile — an automobile owned by or leased under contract for one year or more to the named insured;

(2) Hired Automobile — an automobile used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by, leased under contract for one year or more, or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile.

(3) Non-owned Automobile — any other automobile;

except the following are not deemed to be motor vehicles:

(a) tractors and other self-propelled machinery designed to carry only the operator;

(b) self-propelled vehicles with contractor's equipment made a permanent part thereof while the contractor's equipment is being used as such.

The terms of this policy apply separately to each automobile insured hereunder, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability.

(b) Use of an automobile includes the loading and unloading thereof.

(c) "Bailment" means a delivery of property by any person to the insured for some purpose beneficial to either the insured or such person or both under a contract, express or implied, for the insured to carry out such purpose and to redeliver such property or otherwise dispose of it as provided.

(d) "Damages" includes, with respect to:

(1) bodily injury — damages for care and loss of services, and

(2) property damage — damages for loss of use of property.

(e) "Domestic Employee" means an employee of the insured performing duties not connected with the insured's business.

(f) "Elevator" means elevators, escalators, hoists, and all appliances thereto including cars, platforms, shafts, hoistways, power equipment and machinery, except

(1) elevator shaftways in which there are no elevators;

(2) dumbwaiters;

(3) hoists within the premises not operated through a hatchway, or located outside the walls of the premises and manually operated, or mechanically operated and not attached to the walls of the premises;

(4) hydraulic or mechanical hoists used for raising or lowering automobiles for lubricating or servicing, or for dumping materials from trucks;

(5) hod or material hoists used exclusively for freight;

(6) escalators and conveyors used exclusively for freight.

(g) "Insured" means the named insured and:

(1) if the named insured is an individual, the spouse of such named insured if a resident of the same household;

(2) if the named insured is a corporation or partnership, any partner, executive officer, director or stockholder thereof, while acting within the scope of his duties as such;

(3) any organization or proprietor with respect to real estate management for the named insured;

(4) any person using, or any person legally responsible for the use of, an owned automobile or hired automobile, provided the actual use is with the permission of the named insured; provided, however, that the insurance afforded under division (4) of this definition does not apply to:

(a) any employee of an insured with respect to bodily injury of another employee of the same insured injured in the course of such employment and arising out of the maintenance or use of an automobile in the business of such insured;

(b) any person or organization, or any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage, or public parking place with respect to any occurrence arising out of the operation thereof, but this provision does not apply to a resident of the household of the named insured, to a partnership in which such resident or the named insured is a partner, or to any partner, agent or employee of such resident or partnership;

(c) the owner, or lessee other than the named insured, of a hired automobile or an automobile leased under contract for one year or more to the named insured, or to any agent or employee of such owner or lessee.

The insurance afforded under definition (g) with respect to any person or organization other than the named insured does not apply to the owner of a non-owned automobile, or to any member of the household of or any employee of such owner, with respect to such automobile or with respect to any trailer while used with such automobile.

(h) "Occurrence" means an event, or a continuous or repeated exposure to substantially the same general conditions, which causes bodily injury or property damage during the policy period resulting from acts or omissions by the insured which would not be intended nor with reasonable certainty, be expected by the insured to produce injury. All injury or damage arising out of such exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

IN WITNESS WHEREOF, General Insurance Company of America has caused this policy to be signed by its president and secretary at Seattle, Washington, and countersigned on the declarations page by a duly authorized representative of the company.

SECRETARY                                                                                    PRESIDENT

G10  R15  3/64

**FOSTER PEPPER**

ATTORNEYS AT LAW

Direct Phone
(503) 221-7303

Direct Facsimile
(800) 601-9232

March 14, 2008

E-Mail
popoe@fosterpdx.com

Ms. Kimberly Chong
Claims Specialist
Safeco Property & Casualty Insurance Companies
PMB 215
914 164th Street SE, Suite B12
Millcreek, WA 98012-6339

Re:   Insured:          Linnton Plywood Association
      Property          10504 NW St. Helens Rd., Portland, Oregon
      Claim No.:        04T 00067 2868
      Our File Ref:     93907-3B

Dear Ms. Chong:

Our client and Safeco's insured, Linnton Plywood Association ("Linnton"), an Oregon cooperative corporation, has recently received (1) a Section 104(e) Information Request from the United States Environmental Protection Agency, and (2) a request from the Natural Resource Trustees to participate in a liability allocation process, both related to contamination in the Portland Harbor Superfund site. Each is enclosed.

In conjunction with these two claims, Linnton expects to incur expenses related to the environmental condition of the Property. This is Linnton's notification to Safeco that Linnton will be incurring such costs and expenses and looks to coverage under those certain Safeco insurance policies, including the following:

| Policy No. | Effective | Property Damage Limits |
|---|---|---|
| CP 383478 | 4/23/73 to 4/23/76 | $100,000 per occurrence and aggregate |
| CP 646638 | 4/23/76 to 4/23/79 | $100,000 per occurrence and aggregate |
| CP 646638A | 4/23/79 to 4/23/82 | $100,000 per occurrence and aggregate |
| CP 646638B | 4/23/82 to 4/23/85 | $100,000 per occurrence and aggregate |

*73-78-*
*78-85*
*86*

30145335.01

March 14, 2008
Page 2
Re:    Insured: Linnton Plywood Association
       Claim No.: 04T 0067 2868


Please send us certified copies of the above-referenced insurance policies and confirm the coverage that is available and applicable to these claims.

We will be delivering you information on response costs and expenses incurred as they are invoiced. Please contact us with any questions or comments, and direct further communication to our office.

                              Very truly yours,


                              Elia E. Popovich



EEP:cs
Enclosures
cc:  William P. Hutchison

30145335.01

March 14, 2008
Page 3
Re:    Insured: Linnton Plywood Association
        Claim No.: 04T 0067 2868


bcc:    James Stahly

Dennis Keener
Claims Representative
4470 Garden Brook Drive
Chico, CA 95973-8941

Phone  (530) 345-8399
Fax      (530) 345-8482
denkee@safeco.com

 Insurance

May 8, 2008

Linnton Plywood Association
C/o Mr. Elia E. Popovich
Foster Pepper, LLP
601 SW 2nd Avenue, Suite 1800
Portland, Oregon 97204

MAY  1 2 2008

FOSTER PEPPER
601 S.W. 2nd AVE., STE. 1800
PORTLAND, OR  97204-3171

Insured :          Linnton Plywood Association
Claim No. :      04T 00067 2868
Site :              10504 NW St. Helens Road, Portland, OR
                     Portland Harbor Superfund Site

Dear Mr. Popovich:

This will serve to confirm receipt of your correspondence of March 17, 2008,
wherein you tender the above captioned environmental claim for defense and
indemnity, to General Insurance Company of America (General) on behalf of
your client Linnton Plywood Association (LPA). This will also serve to confirm
our telephone conversation of May 7th, wherein we briefly discussed this matter.
Thank you for taking the time to discuss this with me, and for forwarding a copy
of your March 17th correspondence to me.

As we discussed, this matter has been assigned to me for further handling.
Accordingly, please direct any future correspondence to me at the above
captioned address. Also, please feel free to contact me by telephone or email
with any questions or concerns with regard to this claim.

Based upon your correspondence of March 17th, it is my understanding that LPA
has received a Request For Information, pursuant to section 104(e) of CERCLA,
from the United States Environmental Protection Agency (USEPA), with regard
to the above captioned property. Additionally, LPA has been requested by the
Naturall Resource Trustees (Trustees) to participate in a liability allocation
process.   Both of the above are related to contamination in the Portland Harbor
Superfund Site.

Mr. Elia E. Popovich
May 8, 2008
Page 2

The purpose of this letter is to advise you that, subject to a full reservation of rights, detailed below, General will agree to participate in defense of LPA for the claims tendered.

It is our understanding that LPA began operations as a sawmill and plywood manufacturing facility at the site in 1951. In 1996, LPA subleased a portion of the site to Columbia River Sand & Gravel. The site was previously owned by Spokane Portland & Seattle Railway Company and operated by Burlington Northern Railroad. At some point, Burlington Northern Railroad purchased the site because in 1971, LPA purchased the site from Burlington Northern Railroad.

General has confirmed that it has issued the following policies identified in the table below. Each year of coverage provided a limit of $100,000 per occurrence and $100,000 aggregate in property damage liability.

*Confirmed Policies*

| Policy No: | Effective Dates | Liab. Form | Cond. Form | Pollution Exclusion |
|---|---|---|---|---|
| CP383478 | 4/23/73 to 4/23/76 | C-10 1/73, | C1652 1/73, | C1599 1/72 |
| CP646638 | 4/23/76 to 4/23/79 | C-10 9/74*, | C1652 5/74*, | C1599 1/72* |
| CP646638A | 4/23/79 to 4/23/82 | C1138 4/78, | C1652 8/78, | C1599 1/72 |
| CP646638B | 4/23/82 to 4/23/85 | C1138 4/78*, | C1652 8/78*, | CGL21201 4/80* |

*Policy forms are unconfirmed. The noted forms are those that were likely to have been issued with the referenced policy.

Secondary evidence exists to suggest that the following policies were issued to LPA, and each of the policies listed in the table below is believed to have provided a limit of $100,000.00 per occurrence and $100,000 aggregate in property damage liability. The applicable forms noted are the forms most likely to have been issued with each policy.

This information, from secondary evidence, is unconfirmed and General reserves all of its rights to amend the policy information should the actual policy be revealed or if other policy information arises.

*Unconfirmed Policies*

| Policy No. | Effective Dates | Liab. Form | Cond. Form | Other | Pollution Excl |
|---|---|---|---|---|---|
| BLP232479 | 4/23/66 to 4/23/67 | C-10 1/65 | | | |
| CP160977 | 4/23/67 to 4/23/70 | C-10 1/67, | CF640 10/66, | CF646 10/66 | |
| CP276891 | 4/23/70 to 4/23/73 | C-10 1/67, | CF640 6/69, | CF646 1/67, | C-1599 11/70 |
| (effective 4/23/71) | | | | | |

Mr. Elia E. Popovich
May 8, 2008
Page 3

As a result of our preliminary investigation, and after review of the coverages afforded under the subject policies, General has concluded that some or all of the claims at issue in this matter may not be covered under the terms of the subject General policies.  Accordingly, General specifically reserves the right to assert any and all of such defenses of non-coverage under said policies, including those which may be developed or discovered in the course of further investigation.

Therefore, until an investigation of the facts is complete and the coverage issues arising in this matter are resolved, General will investigate this matter under a complete reservation of rights. This investigation shall not be deemed or construed either as a waiver by General of any of its rights or conditions provided in the policy of insurance issued to LPA or as an expansion of the duties owed by General under the policies.

The insuring agreement from April 23, 1966 to April 23, 1967 stated:

> **1. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
> To pay, subject to provisions of the Limits Plan for which limits of liability are shown on the declarations, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of an occurrence which causes bodily injury, sickness or disease, including death at any time resulting therefrom, (herein called "bodily injury") sustained or alleged to have been sustained by any person or persons, or injury to or destruction of property, (herein called "property damage); further, to defend any suit against the insured in which such damages are sought, reserving to the company the right to investigate, negotiate and settle any claim or suit as it desires.

From April 23, 1967 to April 23, 1973 the insuring agreement stated:

> The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence.** The company shall have the right and duty to defend any suit against the **insured** seeking **damages** on account of such **bodily injury** or **property damage, even** if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

From April 23, 1973 to April 23, 1979 the insuring agreement stated:

> With respect to such of the foregoing coverages as have become effective under the provisions of the declarations page of this policy, the company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence.** The company shall have the right and duty to defend any suit against the

Mr. Elia E. Popovich
May 8, 2008
Page 4

insured seeking damages on account of such bodily injury or property damage, even
if any of the allegations of the suit are groundless, false or fraudulent, and may make
such investigation and settlement of any claim or suit as it deems expedient. The
company shall not be obligated to pay any claim or judgment or to defend any suit after
the applicable limit of the company's liability has been exhausted by payment of
judgments or settlements.

From April 23, 1979 to April 23, 1985 the insuring agreement stated:

The company will pay all sums which the insured shall become legally obligated to pay as
damages because of bodily injury or property damage to which this insurance applies,
caused by an occurrence. The company shall have the right and duty to defend any suit
against the insured seeking damages on account of such bodily injury or property
damage, even if any of the allegations of the suit are groundless, false or fraudulent, and
may make such investigation and settlement of any claim or suit as it deems expedient.
The company shall not be obligated to pay any claim or judgment or to defend any suit
after the applicable limit of the company's liability has been exhausted by payment of
judgments or settlements.

Certain words are defined within the policies. We call your attention to the
following definitions.

From April 23, 1966 to April 23, 1967, the following definitions were in effect.

17. Definitions
(g) "Damages" includes, with respect to:
(2) Property damage - damages for loss of use of property.

(h) "Occurrence" means an event, or continuous or repeated exposure to
substantially the same general conditions, which causes bodily injury or property
damage during the policy period resulting from acts or omissions by the insured
which would not be intended nor with reasonable certainty, be expected by the
insured to produce injury. All injury or damage arising out of such exposure to
substantially the same general conditions shall be considered as arising out of
one occurrence.

From April 23, 1967 to April 23, 1973, the following definitions were in effect.

"occurrence" means an event, including injurious exposure to conditions, which results,
during the policy period, in bodily injury or property damage neither expected nor
intended from the standpoint of the insured;

"property damage" means injury to or destruction of tangible property;

"suit" includes an arbitration proceeding to which the insured is required to submit or to
which the insured has submitted with the company's consent.

From April 23, 1973 to April 23, 1985, "suit" remains as cited above. Other words
are cited below.

Mr. Elia E. Popovich
May 8, 2008
Page 5

"occurrence" means an event including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

"**property damage**" means (a) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period;

At present, General's investigation of this matter, and of the coverage provided by the subject policies set forth herein above, reveals that there may be no coverage for one or more of the following reasons.

If, in the course of our investigation, it is confirmed that the damages alleged against LPA in this matter do not fall under any definition of "occurrence" under the subject policies, coverage will not be afforded and we reserve the right to deny coverage on this basis.

If, in the course of our investigation, it is confirmed that the damages alleged against LPA in this matter do not fall under any definition of "property damage" " under the subject policies, coverage will not be afforded and we reserve the right to deny coverage on this basis.

Coverage does not apply to any "property damage" which occurred prior or subsequent to the dates during which General may have provided liability insurance coverage to LPA.

Coverage does not apply to costs alleged to have been or to be incurred in connection with any claim for injunctive orders or equitable relief, and General reserves the right to deny coverage on this basis.

To the extent that the above-captioned matter is seeking damages arising out of fraud, misrepresentations, omissions or suppressions of fact, there is no coverage under the General policy for such relief.

To the extent that the above-captioned matter may seek to impose or recover civil fines, penalties or punitive damages, there may be no coverage under the General policies for such relief.

In no event is LPA entitled to coverage under any General policy in excess of the combined limits of liability, which may have been applicable to the policy. While General contends that the above-captioned matter may not be a covered occurrence, General also fully reserves its right to limit coverage for any damages

Mr. Elia E. Popovich
May 8, 2008
Page 6

alleged in this matter to the each occurrence limit of the General policy as defined therein, on the ground that any such damages resulted from a single occurrence.

The policies contained certain exclusions that preclude coverage for certain losses.

From April 23, 1966 to April 23, 1967, the following exclusion is applicable.

> **This policy does not apply;**
> (c) to property damage:
>> (1) to property owned, transported by, occupied by or rented to the insured, except damage to a rented resident or private garage caused by a four wheel private passenger, station wagon or jeep type automobile.
>>
>> (2) to property under bailment to the insured (except injury to or destruction of such property arising out of the use of elevators or escapiators or to liability assumed under side-track agreements);
>>
>> (3) to that particular part of any property (a) upon which operations are being performed by or on behalf of the insured, or (b) out of which such injury or destruction arises.
> (d) To damages, because of property damage, due:
>> (4) to loss or damage to intangible property, including property rights, unless it results from actual physical damage to tangible property with respect to which insurance is afforded under this policy.

From April 23, 1967 to April 23, 1985, the following exclusion is applicable.

> This insurance does not apply:
>> (d) to **property damage:** (1) to property owned *** by the **insured;** (2) to property occupied by or rented to the **insured***** (4) to that particular part of any property (i) upon which operations are being performed by or on behalf of the **insured,** or (ii) out of which such injury or destruction arises; (5) to premises alienated by the **named insured** arising out of such premises or any part thereof***

Coverage does not apply to liability arising out of damage to property owned by the insured. General reserves the right to limit or deny coverage on this basis.

Pollution exclusions were incorporated into the policies and applicable to this loss.

From April 23, 1971 to April 23, 1973, the following exclusion was in effect.

> It is agreed that the insurance does not apply to **Bodily Injury** or **Property Damage** caused by or resulting from the **discharge of matter** (either during the policy period or

Mr. Elia E. Popovich
May 8, 2008
Page 7

prior to itscommencement) on or into water, land, air or any other real or personal property; provided, however, that this endorsement shall not exclude insurance with respect to thed **ischarge of matter,** if the discharge is sudden, unexpected, unintentional and occurs during the policy period following the effective date of this endorsement.

When used in this Endorsement:

(a) **"discharge of matter"** means the emission of **matter** through its release, spillage, leakage or by means of dumping, emptying, pumping or due to failure of any equipment or resulting from any other source or cause whatsoever;

(b) **"matter"** means any substance (gas, liquid, or solid) of any description or origin. It is further agreed that this endorsement shall not apply to liability arising out of the ownership, maintenance, or use of any automobile.

From April 23, 1973 to April 23, 1982, the following exclusion was in effect.

It is agreed that the insurance does not apply to **Bodily Injury** or **Property damage** caused by or resulting from the **discharge of matter** (either during the policy period or prior to its commencement) on or into water, land air or any other real or personal property; provided, however, that this endorsement shall not exclude insurance with respect to the **discharge of matter,** if the discharge is sudden, unexpected, unintentional and occurs during the policy period following the effective date of this endorsement.

When used in this Endorsement:

(a) **"discharge of matter"** means the emission of **matter** through its release, spillage, leakage or by means of dumping, emptying, pumping or due to failure of any equipment or resulting from any other source or cause whatsoever;

(b) **"matter"** means any substance (gas, liquid, or solid) of any description or origin. It is further agreed that this endorsement shall not apply to liability arising out of the ownership, maintenance, or use of any automobile.

From April 23, 1982 to April 23, 1985, the following exclusion was in effect.

This insurance does not apply to *** **Property Damage** caused by or resulting from the discharge or escape of matter into or on:

    (a) water, or
    (b) air, or
    (c) real property, or
    (d) personal property.

This exclusion applies to any such discharge that occurs before or during the policy period.

This insurance will apply to a discharge that is

    (a) sudden, and
    (b) unexpected, and
    (c) unknowingly caused, and
    (d) unintentional, and
    (e) occurs during the policy period.